# APRIL TERM, 1847.

## DISBOROUGH SURVIVING EXECUTOR OF DISBOROUGH, v. JONES ET AL. HEIRS OF BIDLEMAN.

Under the Statute of New Jersey, by which specialty debts are barred after sixteen years, except in the case of partial payment within sixteen years, (*Rev. L.* 411 § 6:) *Held,* that payment on a joint and several bond by the surviving obligor, after the death of his co-obligor will not take the case out of the Statute, as against the heirs of the deceased obligor.

Error to the Supreme Court.

The action below was brought by the executor of William Disborough, deceased, against the heirs at law of George Bidleman, deceased, on the bond of their ancestor, and was commenced by process to the September Term, 1834, of the Supreme Court. One Jacob R. Hardenburgh and the said George Bidleman, united in a joint and several bond to the said Disborough, in his lifetime, dated 10th December, 1812, and conditioned for the payment of $2,895.74 with interest, on or

before the first day of April, 1814. Bidleman died 21st July, 1817, Hardenburgh surviving. Sundry payments on account of interest were made by Hardenburgh, and endorsed on the bond, both prior and subsequent to the death of Bidleman, the payments subsequent to his death only, being within sixteen years prior to the commencement of the action. A prior suit on the bond had been instituted on the bond by the executor of Disborough, and a part of the debt thereby satisfied ; the present action having been commenced to obtain satisfaction of the residue from the heirs of the deceased obligor. The only plea of the defendants, which it is necessary to notice, was that the cause of action did not accrue within sixteen years, next before the commencement of this suit. The cause came before the Supreme Court upon a statement of the case, by which it was agreed, that the defendants should be at liberty to present the defence upon the statute of limitations, upon the facts stated, without prejudice from the issue of fact joined by the pleadings.

The Supreme Court gave judgment for the defendant, (1 *Spenc.* 275) whereupon the cause was removed by writ of error into this court, and argued by *J. S. Blauvelt* and *P. D. Vroom,* for plaintiff, and by *W. L. Dayton,* for defendants in error.

Cases cited by counsel of plaintiff. *Whitcomb* v. *Whiling, Doug.* 652 ; *Smith* v. *Ludlow,* 6 *John.* 267 ; *Johnson* v. *Beardslee,* 15 *Ib.* 3 ; *Patterson* v. *Choate,* 7 *Wend.* 441 ; *Lane* v. *Williams,* 2 *Verm.* 292 ; *Stephenson* v. *Chiswell,* 3 *Ves. Jr.* 566 ; *Winter* v. *Innes,* 4 *Mylne & Craig,* 101 ; *Angell on Lim.* 281, (12*th Ed.* ;) *Ludlow* v. *Van Camp,* 2 *Halst.* 113.

Cases cited by counsel of defendants. *Atkins* v. *Tredgold,* 2 *B. & Cresw.* 23 ; *Slater* v. *Lawson,* 1 *B. & Adol.* 396 ; *Hathaway* v. *Haskell,* 9 *Pick.* 42 ; 1 *Greenl. Ev.* § 112 *note ;* 3 *Kent* 49.

The court, (SPEER, ROBERTSON, SCHENCK, PORTER, and CARPENTER,) affirmed the judgment of the Supreme Court. The CHANCELLOR and SPENCER dissented, and voted to reverse.

The following opinion, concurred in by the majority of the court, was delivered by

CARPENTER, J. The question in this case arises upon the sixth section of the act for the limitation of actions, which, so far as relates to bonds, enacts that every action of debt upon any obligation with condition for the payment of money only, shall be commenced and sued within sixteen years next after the cause of such action shall have accrued and not after ; but if any payment shall have been made on any such specialty, within or after the said period of sixteen years, then an action instituted on such specialty within sixteen years after such payment, shall be good and effectual in law and not after. *Rev. Laws* 411 ; *Rev. Stat.* 93. The question is presented whether in the case of a joint and several bond, a payment by the surviving obligor after the death of his co-obligor, will take the bond out of the statute, as against the representatives of such deceased obligor.

The statute has abolished the doctrine of presumption of payment of specialty debts after the lapse of twenty years, and made time a positive bar. The action must now be brought either within sixteen years after it accrued, or within sixteen years after the last payment made on the bond. The words of the statute are, if *any payment* shall have been made on any such specialty, &c. We cannot assent to the reasoning by which it was urged that these words will include the case before us, and indeed, if carried out, the case of payment by any one of several persons who may be liable upon the same specialty. We apprehend the statute must be construed in reference to the rules of law which existed at the time when it was enacted. In the construction of statutes the wildest results would often occur if this obvious rule were disregarded.

The statute, as in the case of simple contracts, makes the lapse of time a bar, adopting however the period of sixteen years. It adopts, by direct enactment, the exception in regard to a partial payment, which in the case of the bar of six years was raised by judicial construction. Now it is well settled under the statute of 21 *Jac.* 1., that a partial payment, made by

one of two or more makers of a joint and several promissory note, will take the case out of the statute, as regards the other makers in a separate action against any of the others. *Whitcomb* v. *Whiting, Doug.* 652 ; *Perham* v. *Raynal,* 2 *Bingh.* 306 ; *Burleigh* v. *Scott,* 8 *B. & Cr.* 36 : a doctrine which has been frequently recognized as settled law in this state. Payment by one is payment for all, the one acting virtually as agent for the rest. So a release to one is a release to all. But it seems equally clear, that in the case of a several contract of the same character, there can be no such effect by the payment of one, though the liability is on account of the same debt. On several contracts, where the liability is several, and the remedy several, there can be no implied agency by which one can vary or affect the liability of the other. There is no community of interest. Hence, when the community of interest had been severed by the death of one maker of a joint and several promissory note, it was correctly held that his representatives could not be made liable by an admission, or part payment of the demand by the surviving co-debtor, made after such severance, by death, of the joint liability. Death in such case revokes the implied agency. To hold otherwise, would be to decide that where the promises are several, a promise by one party would bind the rest. *Atkins* v. *Tredgold,* 2 *B. & Cr.* 23. So by parity of reason it has been held that a partial payment, made within six years, by an executor of one of two makers of a joint and several promissory note, will not take the note out of the statute, as against the survivor. *Slater* v. *Lawson,* 1 *B. & Adol.* 396 ; *Hathway* v. *Haskell,* 9 *Pick.* 42.

We apprehend that these principles apply in the construction of this statute; that they are recognized by the adoption of this exception to the bar raised by the statute. In the case of a bond several in its inception, we apprehend that the liability being several, partial payment by one will not vary or affect the liability of the others. So in the present instance, the bond having become several by the death of one of the co-obligors, and the liability of the survivor and of the representatives of the deceased obligor having become several, that it was not the intention of the statute, in contravention of settled

principles, to raise an implied agency by which the act of either party should vary or affect the interests of the others. Whether the payment be before the bar has attached or afterwards, will not vary the result. The words of the statute are, "any payment, &c. *within or after* the said period of sixteen years;" in which again the statute follows the previously settled rules of law. See *Channell* v. *Ditchburn,* 5 *Mees. & W.* 494.

We hold that the payments by the surviving obligor after the death of Bidleman, will not take the bond out of the statute as against the heirs of Bidleman, and that therefore the judgment of the Supreme Court must be affirmed.

CITED *in Corlies* v. *Fleming,* 1 *Vr.* 351; *Merritt* v. *Day,* 9 *Vr.* 33.